IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | : Civil No. 1:23CV224<br>:<br>: |
| v. | : |
| 17221 COVES EDGE LANE, CHARLOTTE,<br>MECKLENBURG COUNTY, NORTH<br>CAROLINA, WITH ALL APPURTENANCES<br>AND IMPROVEMENTS THEREON, | :<br>:<br>:<br>: |
| and | : |
| 4016 WILD NURSERY COURT, CHARLOTTE,<br>MECKLENBURG COUNTY, NORTH<br>CAROLINA, WITH ALL APPURTENANCES<br>AND IMPROVEMENTS THEREON,<br>    Defendants. | :<br>:<br>:<br>:<br>: |

## SETTLEMENT AGREEMENT WITH
## KRIS WILLIAMS-FALCON

NOW COME Plaintiff, United States of America, and claimant Kris Williams-Falcon ("Claimant"), in their own persons and by and through their attorneys, and hereby agree to compromise and settle their claims to the defendant real properties according to the following terms.

1. Claimant agrees and consents to the forfeiture of the defendant real properties known as:

(a) 7122 Coves Edge Lane, Charlotte, Mecklenburg County, North Carolina, with all appurtenances and improvements thereon (hereafter "Coves Edge Lane"); and

(b) 4016 Wild Nursery Court, Charlotte, Mecklenburg County, North Carolina,

with all appurtenances and improvements thereon (hereafter "Wild Nursery Court"), or any proceeds of such properties resulting from court-approved interlocutory sale of either property. Claimant acknowledges that Coves Edge Lane and Wild Nursery Court (also referred to collectively as the "defendant properties") are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), as alleged in the Verified Complaint of Forfeiture.

2. Claimant shall take reasonable steps to protect the defendant real properties from waste, damage, or destruction at all times until the sooner of (a) interlocutory sale of a property or (b) a Decree and Judgment of Forfeiture is entered and the United States Marshals Service takes custody of the properties. Reasonable steps include but are not limited to the following:

(a) Claimant shall pay all taxes and assessments when due and shall not permit or allow any encumbrances, charges, or liens to attach to the defendant properties.

(b) Claimant shall maintain casualty insurance on the defendant properties until interlocutory sale or final judgment, and in the event either of the defendant properties sustains an insured loss during this time, Claimant shall take all necessary steps to collect the insurance proceeds and shall deliver those proceeds to Plaintiff, to be forfeited in addition to the defendant properties.

3. Claimant consents to the interlocutory sale of the defendant properties and agrees to sign any and all documents necessary for the execution of the aforementioned sale.

4. Except as provided herein, each party shall bear his or its own costs and

expenses, including attorney fees, relating to this action.

5. Claimant hereby releases and forever discharges the United States of America, its officers, agents, servants, employees, heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which Claimant, their heirs, successors, or assigns ever had, now have, or may have in the future in connection with the forfeiture of the defendant properties.

6. Claimant further agrees to hold and save the United States of America, its servants, employees, heirs, successors, or assigns harmless from any claims by any others, including costs and expenses for or on account of any and all lawsuits, claims, complaints, or other actions, of any character whatsoever, in connection with the forfeiture of the defendant properties.

7. Nothing contained herein shall in any way affect any tax obligation, fine, penalty, or any other monetary obligation of the Claimant owed to the United States.

8. Nothing contained herein shall in any way affect any criminal liability Claimant may have relating to the events and actions giving rise to this forfeiture.

9. Any Petitions for Remission filed on behalf of Claimant are hereby withdrawn.

10. Claimant hereby acknowledges receipt of process of the Verified Complaint of Forfeiture, Notices of Lis Pendens, and Legal Notice in the above-captioned action and waives any defects in service.

This the 12th day of April, 2023.

                                              SANDRA J. HAIRSTON
                                              United States Attorney

                                              *Lynne P. Klauer*
                                              Lynne P. Klauer
                                              Assistant United States Attorney
                                              NCSB #13815
                                              101 S. Edgeworth Street, 4th Floor
                                              Greensboro, NC 27401
                                              Phone: (336) 333-5351

WITNESS:                                     CLAIMANT:

*H Gerald Beaver*                     *Kris Williams-Falcon*
H. Gerald Beaver                    Kris Williams-Falcon
Attorney for Claimant
NCSB # 5503
Beaver, Courie, Hearp and Broadfoot, P.A.
230 Green St., P. O. Drawer 2275
Fayetteville, NC 28302
Phone: (336)333-9600

4