IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> v. <br><br> 17221 COVES EDGE LANE, CHARLOTTE, MECKLENBURG COUNTY, NORTH CAROLINA, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, <br><br> and <br><br> 4016 WILD NURSERY COURT, CHARLOTTE, MECKLENBURG COUNTY, NORTH CAROLINA, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, <br>     Defendants. | Civil No. 1:23CV224 |

MEMORANDUM IN SUPPORT OF SECOND JOINT MOTION TO APPROVE
INTERLOCUTORY SALE OF 17221 COVES EDGE LANE
AND DEPOSIT NET PROCEEDS WITH THE COURT

NOW COME Plaintiff, United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and H. Gerald Beaver, attorney for Claimant Kris Williams-Falcon, and submit this Memorandum in support of their Second Joint Motion to Approve Interlocutory Sale.

A. Jurisdiction of the Court

This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A) and (C) for the forfeiture of the defendant real properties which constitute or were derived from proceeds traceable to an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense, specifically

a violation of 18 U.S.C. § 1343 (wire fraud), and/or 18 U.S.C. § 1347 (health care fraud).

Plaintiff filed a Verified Complaint of Forfeiture against the defendant real properties on March 14, 2023.

Kris Williams-Falcon, a/k/a Kris Williams Falcon and Kris Falcon, is the record owner and custodian of the defendant real properties.

B. <u>Authority for Interlocutory Sale and Substitution of Monetary Amount</u>

Plaintiff and Williams-Falcon jointly request that the Court approve the immediate interlocutory sale of the defendant real property known as 17221 Coves Edge Lane, Charlotte, Mecklenburg County, North Carolina (the "Coves Edge Lane property").[1]

Interlocutory sale of property in forfeiture actions is authorized by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which provides in relevant part:

> **(7)** **Preserving, Preventing Criminal Use, and Disposing of Property; Sales.**
>
> . . . .
>
> **(b)** **Interlocutory Sale or Delivery.**
>
> > **(i)** **Order to Sell.** On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
> >
> > > **(A)** the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
> > >
> > > **(B)** the expense of keeping the property is excessive or is disproportionate to its fair market value;
> > >
> > > **(C)** the property is subject to a mortgage or to taxes on which the owner is in default; or

---

[1] An interlocutory sale previously approved by the Court (Dkt. 9) failed to close and the prospective buyer cancelled the contract.

**(D)** the court finds other good cause.

**(ii) Who Makes the Sale.** A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.

**(iii) Sale Procedures.** The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.

**(iv) Sale Proceeds.** Sale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.

In this case, the Coves Edge Lane property is vacant, and thus at risk of deterioration, vandalism, and loss of value.

C. <u>Terms of Sale</u>

Plaintiff and Williams-Falcon consent and agree to the sale of the Coves Edge Lane property on the terms set forth in the Offer to Purchase and Contract attached as Exhibit A, and the proposed Order jointly submitted to the Court. The parties respectfully request that the court approve the sale on these terms, as permitted by Rule G(7)(b), and allow the parties discretion to modify dates for completion of due diligence and settlement as needed.

Upon sale of the Coves Edge Lane property, the parties request and agree that the proceeds shall be applied first to any precedent liens, and then to any other liens and to the usual and customary expenses of sale. Any remaining proceeds (the "Net Sale Proceeds") will be substituted for the defendant property, as contemplated in 19 U.S.C. § 1613(c) and Supplemental Rule G(7)(b)(iv).

D. <u>Deposit of the Net Sale Proceeds with the Court</u>.

Further, the parties have moved that the Net Sale Proceeds from the sale of the defendant property be deposited with the Clerk of Court and invested into an insured, interest-bearing account through the Court Registry Investment System ("CRIS"), pursuant to Rule 67 of the Federal Rules of Civil Procedure and Local Rule 67.1, and Supplemental Rule G(7)(b)(iv). This amount will be substituted for and subject to forfeiture in lieu of the defendant property.

WHEREFORE, the parties move that the Court grant the Second Joint Motion to Approve Interlocutory Sale.

This the 4th day of May, 2023.

SANDRA J. HAIRSTON
United States Attorney

/s/ Lynne P. Klauer
Lynne P. Klauer
Assistant United States Attorney
NCSB #13815
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
Telephone: 336-333-5351
Email: lynne.klauer@usdoj.gov


/s/ H. Gerald Beaver
H. Gerald Beaver, Attorney for the Claimant
NCSB #5503
Beaver, Courie, Hearp and Broadfoot, P.A.,
230 Green St, P.O. Drawer 2275
Fayetteville, NC 28302
Telephone: (336) 333-9600
Email: hgbeaver@beavercourie.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Civil No. 1:23CV224 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| 17221 COVES EDGE LANE, CHARLOTTE, MECKLENBURG COUNTY, NORTH CAROLINA, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, et al., | : |
| Defendants. | : |

## CERTIFICATE OF WORD COUNT

I certify that this Brief complies with the word count limit set forth in L.R. 7.3(d). The number of words in this Brief, exclusive of the caption, signature lines, certificate of service, and any cover page or index, according to the word count feature of the word processing software used to prepare the Brief, does not exceed 6,250 words.

This the ___ day of April, 2023.

    Respectfully submitted,

    SANDRA J. HAIRSTON
    United States Attorney

    /s/ Lynne P. Klauer
    Lynne P. Klauer
    Assistant United States Attorney
    NCSB #13815
    101 S. Edgeworth Street, 4th Floor
    Greensboro, NC  27401
    Telephone: (336)333-5351
    Email: lynne.klauer@usdoj.gov